**U.S. Department of Labor**   Office of the Regional Solicitor
201 12th Street South
Suite 500
Arlington, VA  22202-5450
Telephone (202) 693-9393
Telecopier (202) 693-9392



Writer's direct dial: (202) 693 – 9660
Writer's email address: chung.evelyn@dol.gov

December 4, 2015

VIA ECF

Hon. Richard D. Bennett
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Hon. J. Mark Coulson
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Re: Perez v. Chimes District of Columbia, Inc., et al., No. 1:15-cv-3315 (RDB)

Dear Judge Bennett and Magistrate Judge Coulson,

I represent the Secretary of Labor, Thomas E. Perez, in the above-referenced case.  It is my understanding that Judge Bennett has referred this action to Magistrate Judge Coulson with regard to the Secretary's claims against Chimes International Ltd., Albert Bussone and Martin Lampner (collectively, the "Chimes Defendants") as well as FCE Benefits Administrators ("FCE"), Stephen Porter, and Gary Beckman (collectively, the "FCE Defendants").  In this letter, I request that settlement discussions be structured in two stages, to allow the Secretary to engage in settlement discussions with the Chimes Defendants, before the broader, more complicated settlement discussions begin with the FCE Defendants.  In addition, I request that Judge Bennett allow discovery to continue with respect to the FCE Defendants.  Finally, I write to provide notice to the parties and the Court that the Secretary has and may open other investigations involving the defendants.

    I.    <u>The Secretary Requests that ADR Progress in Two Stages</u>

For the following reasons, the Secretary requests bifurcation of the ADR process, to allow the Secretary to engage in settlement discussions with the Chimes Defendants first, followed by settlement discussions with the FCE Defendants.

Based on prior settlement discussions with all parties, the Secretary believes it is possible that settlement can be reached with the Chimes Defendants, which should simplify the litigation for the remaining parties. By contrast, the Secretary's claims against FCE are broader and his request for relief includes an injunction barring FCE from acting as an ERISA fiduciary or service provider.  The Secretary therefore believes settlement with the FCE Defendants at this stage is unlikely, although the Secretary remains open to engaging in settlement discussions with any party.

For these reasons, the Secretary believes it would be most productive to have a settlement conference with the Chimes Defendants, followed by a second conference with the FCE Defendants.  I have consulted with counsel for the Chimes Defendants, who agrees with this structure.  At this time, I have left a message with counsel for the FCE Defendants, but have not confirmed whether they would agree.  As to this issue, the Secretary requests the opportunity to articulate its concerns to Magistrate Judge Coulson in camera, to provide Magistrate Judge Coulson with more information to decide how the ADR should be structured.[1]

    II.    <u>The Secretary Requests That Discovery Continue With Regard to the FCE Defendants</u>

During the ADR process, the Secretary requests that discovery continue concurrently with regard to the FCE Defendants.  FCE has not fully complied with the Secretary's administrative subpoenas and has indicated that it will not complete its production of documents because of the filed action.

    III.    <u>The Secretary Has Other Open Investigations Related to the Defendants.</u>

I am also writing to notify the Court that the Department of Labor has or may open other investigations that may result in the issuance of administrative subpoenas to the defendants in this case.  These investigations are separate from the instant action.  If any party or the Court has

---

[1] The FCE Defendants' letter dated December 2, 2015 suggests that the Secretary communicated ex parte with the Court.  This issue has been mooted by Judge Bennett's grant of the FCE Defendants' request to be included in Magistrate Judge Coulson's settlement conference.  However, it should be noted that the Secretary has not communicated ex parte with the Court.  The Chimes Defendants requested that the Secretary enter into the ADR process, and the Secretary agreed.  No other party contacted the Secretary to request ADR.  On November 17, 2015, counsel for the Chimes Defendants and I called the Judge Bennett's clerk to request administrative guidance regarding how we should submit a joint request to the judge.  We explained that our request for ADR would be limited to the Chimes Defendants.  Without further communications from the Secretary, Judge Bennett issued an order referring the case to Magistrate Judge Coulson.  Following receipt of the order and Magistrate Judge Coulson's scheduling order, counsel for the Chimes Defendants and I called Magistrate Judge Coulson's clerk and Judge Bennett's clerk for clarification regarding whether the orders intended to include defendants other than the Chimes Defendants.  Finally, it should be noted that the Secretary has until February 28, 2015 to serve the Complaint, although I emailed copies of the Complaint to all of the defendants' attorneys on the date of filing.  <u>See</u> FRCP 4(m).

questions or concerns regarding this issue, we are amenable to a court conference with the parties.

                 Respectfully,

                 /s/_____

                 Evelyn H. Chung

cc: Dawn Elise Murphy-Johnson (by ECF and electronic mail)
   Theresa S. Gee (by electronic mail)
   Robert Eassa (by electronic mail)
   David Crutcher (by electronic mail)
   Henry Smith (by electronic mail)
   Scott Moeves (by electronic mail)
   Doug Desmarais (by electronic mail)
   Jewell Lim Esposito (by electronic mail)
   Ramsey McCullough (by electronic mail)