

# MILLER CHEVALIER

Dawn E. Murphy-Johnson
Counsel
(202) 626-6050
dmurphyjohnson@milchev.com

December 7, 2015

**VIA ECF**

Hon. Richard D. Bennett
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Hon. J. Mark Coulson
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Re: *Perez v. Chimes District of Columbia, Inc., et al.* — No. 1:15-cv-3315 (RDB)

Dear Judge Bennett and Magistrate Judge Coulson:

Defendants FCE Benefit Administrators, Inc., Gary Beckman, and Stephen Porter (the "FCE Defendants" or "FCE") respond to Plaintiff's December 4, 2015 letter requesting a bifurcated settlement process and an order allowing it to "continue" discovery. DE 22. As explained below, the Complaint raises factual and legal issues that are common to the defendants, and bifurcation would result in needless duplication of efforts by the Court. Plaintiff's request to "continue" discovery is inappropriate at this stage of the litigation. During the pre-litigation administrative process, FCE fully cooperated and provided documents to Plaintiff. FCE also offered to open its offices to Plaintiff and to make its employees and executives available to speak with Plaintiff, but Plaintiff insisted on filing this action without doing so. Should discovery commence, FCE will comply with its discovery obligations under the Federal Rules of Civil Procedure and this Court's Local Rules.

The issues before the Court in this case concern the administration of the Chimes DC Health and Welfare Plan. Five of the six Counts alleged in the Complaint are asserted against both the Chimes and FCE Defendants, including allegations that they are "co-fiduciaries" with each other. *See* DE 1 ¶¶ 61, 64, 72, 75, 80, 8, 85, 87, 90, 92. The same remedies are sought from the defendants. DE 1 at 25-26 ("Prayer for Relief" at ¶¶ 4, 5). No other plans or investigations are before the Court. While Plaintiff states that the Court should hold separate conferences with the different defendants to "simplify the litigation," DE 22 at 2, the commonality of the issues and remedies sought demonstrate that a single, consolidated settlement conference would be a significantly more efficient use of judicial resources than the piecemeal approach advocated by Plaintiff. Plaintiff alludes to other investigations that "the Department of Labor has or may open . . . that may result in the issuance of administrative subpoenas to the defendants in this case." DE 22 at 2. Plaintiff's actual or planned administrative activities in matters unrelated to the Chimes DC Plan have no relevance to this action or to how a settlement conference in this action should be conducted.

Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com

2046827.1



December 7, 2015
Page 2

      Plaintiff also requests that "discovery continue concurrently with regard to the FCE Defendants," because FCE has purportedly "not fully complied with the Secretary's administrative subpoenas and has indicated that it will not complete its production of documents because of the filed action." DE 22 at 2. This statement reflects Plaintiff's rush to file this lawsuit and confirms it was filed without Plaintiff having completed its investigation concerning the Chimes DC Plan. During the administrative process, FCE and Plaintiff agreed on a rolling production of documents and FCE produced documents accordingly. FCE offered to make its employees and executives available to speak with Plaintiff and requested that Plaintiff conduct an on-site visit of its administrative office. Plaintiff did none of these things – Plaintiff did not speak to a single FCE employee or executive – and filed this lawsuit instead. At this stage of the litigation, discovery has not commenced and no discovery requests are outstanding, making an order to "continue" discovery premature and inappropriate. *See* Fed. R. Civ. P. 26(f); L. Rule 104.4. To the extent Plaintiff mentions the possibility of "other investigations," DE 22 at 2, Plaintiff may not skirt the administrative process by seeking to conduct its investigation into unrelated matters through this lawsuit. *See* Fed. R. Civ. P. 26; Executive Order 12988.

      The FCE Defendants would add valuable perspective as the Court evaluates the parties' settlement positions, claims, and defenses and our presence should be included in a consolidated settlement conference.[1] To the extent that issues unique to a particular party do exist, those could always be resolved at a later date. Accordingly, the FCE Defendants request a single, consolidated settlement conference. Should the Court have any questions or concerns regarding the foregoing, we would be pleased to address them at a date and time convenient for the Court.

Sincerely,

Dawn E. Murphy-Johnson

cc:    Evelyn H. Chung, Esq., counsel for Plaintiff (via ECF and email)
        Henry A. Smith, III, Esq., counsel for the Chimes Defendants (via email)
        Scott C. Moeves, Esq., counsel for the Chimes Defendants (via email)
        Douglas W. Desmarais, Esq., counsel for the Chimes Defendants (via email)
        Jewell Lim Esposito, Esq., counsel for the BCG Defendants (via email)

---

[1] A settlement conference on March 3, 2016 is preferred but the FCE Defendants can also be available on February 11, 2016.

Miller & Chevalier Chartered

2046827.1