IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor | : : : | |
| Plaintiff | : : | |
| v. | : : | Case No. 1:15-cv-03315 |
| CHIMES DISTRICT OF COLUMBIA, INC., et al. | : : : | |
| Defendants | : : | |

**MEMORANDUM IN SUPPORT OF
SECRETARY'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO
JOIN MARILYN WARD AS AN ADDITIONAL DEFENDANT**

Plaintiff Secretary of Labor, Thomas E. Perez ("Secretary"), through his undersigned counsel and pursuant to Rules 15(a) and 20 of the Federal Rules of Civil Procedure, submits this Memorandum in Support of his Motion for Leave to Amend the Complaint to Join Marilyn Ward as an Additional Defendant. The Proposed Amended Complaint is attached hereto as Exhibit A.

**Background**

**I.    Procedural History**

The Secretary filed a Complaint on October 30, 2016 alleging violations with regard to the Chimes D.C. Health & Welfare Plan (the "Plan"). (Docket #1 (Original Complaint".) The Original Complaint was filed against Chimes D.C., Inc. ("Chimes DC"), Chimes DC's parent company, Chimes International, Ltd. ("Chimes International"), Martin Lampner ("Lampner"), Albert Bussone ("Bussone"), the Plan's third party administrator, FCE Benefits Administrators, Inc. ("FCE"), Stephen Porter ("Porter"), Gary Beckman ("Beckman"), Benefits Consulting Group ("BCG") and Jeffrey Ramsey ("Ramsey"). (Id.) The Original Complaint alleged various

violations of Title I of ERISA, including excessive fees, kickbacks, and general mismanagement of the Plan. (Id.)

The Secretary now seeks to join the Plan's former trustee, Marilyn Ward, as a defendant. In March 2015 and August 2015, 2015, Marilyn Ward and EBSA, through the Regional Director of the Philadelphia Regional Office, executed agreements by the Secretary not to file an action against Ward and by Ward to toll and waive the statute of limitations, in order to provide the parties time to discuss EBSA's findings before the Secretary filed an action. (Exh. B, Declaration of Evelyn H. Chung at ¶3.) In September 2015, EBSA and the Office of the Solicitor presented EBSA's findings against Ward and the other Defendants in this action, by letter and in person. (Id. at ¶4.) Because Ward and the Secretary sought to continue the possibility of resolution of the Secretary's claims without litigation, they executed the Third Agreement and Stipulation in October 2015 to toll and waive the statute of limitations. (Id. at ¶5.) The Third Agreement and Stipulation tolled the statute of limitations through and including April 30, 2016. (Id. at ¶6.) Pursuant to these agreements, the Secretary agreed that he would not commence any action pursuant to Title I of ERISA against Ward, prior to April 1, 2016. (Id.) Because the parties have not reached resolution of the Secretary's claims, the Secretary now seeks to join Ward as a defendant in this action. At this time, the Secretary does not seek to add or amend any claims against any other Defendant.

II.     Allegations Against Ward

Among other things, the Original Complaint alleges that (1) FCE caused prohibited transactions under ERISA by exercising its authority over the appointment and retention of Plan service providers in its own interest and by receiving personal consideration in connection with FCE's continuing retention of the same Plan service providers; (2) FCE made payments to the

Chimes Foundation and FCE's employment of Martin Lampner's child in connection with the Plan's retention of FCE as a service provider; (3) Chimes DC caused the Plan to make unlawful payments to Chimes DC to reimburse Chimes DC for administrative work; and (4) FCE failed to properly administer the Plan. (Docket #1.)

The First Amended Complaint ("Amended Complaint") alleges that at relevant times, Ward was a Plan trustee and named fiduciary of the Plan, who exercised discretionary authority and/or discretionary control respecting management of the Plan and/or exercised any authority or control respecting management or disposition of its assets, and had discretionary authority and/or discretionary responsibility in the administration of the Plan. ERISA § 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). (Exh. A, Amended Compl. at ¶20.) Under the Amended and Restated Trust Agreement governing her appointment as Trustee, Ward had "exclusive authority and discretion to manage and control funds" except to the extent delegated to the Plan Administrator (Chimes DC) or an investment manager, and "[a]ll discretions . . . conferred on her" were "absolute" "unless specifically limited[.]" (Id.) The Trust Agreement granted Ward exclusive powers over various aspects of the Plan, including but not limited to investments, obligations and litigation, deposits, insurance benefits, insurance protection, advances to the trust, distributions, and hiring agents. (Id) The Trust Agreement also required Ward to "maintain full and complete records of her transactions for, and funds held for the account of, the Trust," and she had discretionary authority and/or responsibility over such records, including payments to FCE. (Id.) The Amended Complaint further alleges that in addition to her enumerated powers and responsibilities, Ward exercised discretionary control and authority over her and FCE's fees by authorizing fees that were not made in accordance with the fee schedules agreed upon and approved by Chimes DC. (Id.) The Amended Complaint also alleges that as a Plan fiduciary

3

and service provider, Ward was a party in interest under ERISA §3(14)(A) and (B), 29 U.S.C. §1002(14)(A) and (B).

The Amended Complaint adds four counts against Ward for violations of ERISA. (Amended Compl. ¶107 through 120.). First, the Secretary seeks relief against Ward under ERISA §405 and as a knowing participant, because she had knowledge of FCE's payments to the Chimes Foundation and FCE's employment of Martin Lampner's child, both kickbacks provided in connection with the Plan's retention of FCE, but failed to make reasonable efforts under the circumstances to remedy the breaches, and she participated in and profited from the transactions by contributing to the donations. (Id. at ¶¶107 - 109.) Second, the Secretary claims that Ward breached her fiduciary duties by failing to disclose to Chimes DC or the Plan participants that she was making payments to the FCE Defendants and receiving services, benefits, and facilities from the FCE Defendants related to her Plan work and FCE's recommendation and retention of Ward as a trustee. (Id. at ¶¶110 - 112.) The Secretary also alleges that Ward has joint and several liability for the breaches of the FCE Defendants arising from FCE's receipt of payments from Ward. (Id.) Third, the Secretary alleges that Ward breached her fiduciary duties by causing the Plan to pay fees that differed from the fee schedules approved by Chimes DC, and by failing to disclose such disparities to Chimes DC or maintain adequate records documenting the changes. (Id. at ¶¶113-115.) The Secretary alleges that Ward has joint and several liability for FCE's failure to properly administer the Plan, because Ward failed to disclose the computer deficiencies that ultimately led to many of FCE's administrative failures. (Id.) Fourth, the Secretary alleges that Ward caused Plan assets to inure to the benefit of the employer in violation of ERISA §403, breached her fiduciary duties under ERISA §404, and violated ERISA §406 by authorizing unlawful administrative reimbursements to Chimes DC. (Id. at ¶¶116-120.)

**Argument**

"[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by [Federal Rule of Civil Procedure] 15(a) and also the more specific joinder provisions of [Federal Rule of Civil Procedure] 20(a)," Hinson v. Norwest Fin. S.C. Inc., 239 F.3d 611, 618 (4th Cir. 2001).  Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires."  Johnson v. Oroweat Foods Co., 785 F.2d 503 (4th Cir. 1986).  The Supreme Court and Fourth Circuit have emphasized that "this mandate is to be heeded."  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Johnson, 785 F.2d at 509.  "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the party of the moving party, or the amendment would be futile."  Johnson, 785 F.2d at 509 (citing Foman, 371 U.S. at 182.)  "[D]elay alone is not sufficient reason to deny leave to amend."  Id.  The Fourth Circuit has held that the "delay must be accompanied by prejudice, bad faith, or futility" in order for the trial court to deny leave.  Id. at 510.  While prejudice may result if a proposed amendment "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party," that basis for finding prejudice "essentially applies where the amendment is offered shortly before or during trial."  Id.  Furthermore, Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.  See, e.g. Rullan v. Goden, No. CIV. CCB-12-2412, 2014 WL

5

4926192, at *4 (D. Md. Sept. 30, 2014) (granting motion to join defendant); <u>Preller v. Time Warner Inc.</u>, No. CIV. HAR 93-4090, 1994 WL 750546, at *3 (D. Md. Nov. 17, 1994) (same).

Plaintiff seeks leave to amend the Complaint to add Marilyn Ward as an additional defendant to the action.[1]  In this case, because litigation was stayed pending mediation, discovery has not begun, the parties are still briefing Defendants' motions to dismiss, and thus no prejudice would result from the filing of an amended Complaint.  The Secretary's delay resulted from a good faith adherence to the agreements to refrain from filing claims against Ward, and his attempt to resolve the claims against Ward.  The Court has not yet issued a scheduling order governing deadlines to amend the Complaint.  In addition, the amendment is not futile, as it is amply supported by the facts pled in the Amended Complaint.  Finally, Ward should be joined to this Complaint because Ward is jointly and severally liable for certain causes of action alleged against Ward and the current Defendants, and the Secretary's allegations against Ward and the current Defendants involve common issues of law and fact.

---

[1] The Secretary's amended complaint was not intended to add facts supporting the allegations made against the current defendants in the original Complaint.  Thus, it is the Secretary's position that the pending motions to dismiss can be decided (and denied) based upon the facts pled in the original Complaint.

WHEREFORE, Plaintiff requests that his Motion for Leave to Amend and Join Ward as an Additional Defendant be granted.

        Respectfully submitted,
        M. Patricia Smith
        Solicitor of Labor

        Oscar L. Hampton III
        Regional Solicitor

        /s/
        Evelyn H. Chung
        Senior Trial Attorney

        Geoffrey Forney
        Trial Attorney

        Office of the Solicitor
        U.S. Department of Labor
        Office of the Regional Solicitor
        201 12th Street South
        Arlington, VA 22209-2296
        chung.evelyn@dol.gov;
        (202) 693-9660; fax (202) 693-9392

        U.S. DEPARTMENT OF LABOR
        Attorneys for Plaintiff