IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR<br><br>                 Plaintiff,<br><br>   v.<br><br>CHIMES DISTRICT OF COLUMBIA, INC., et al.<br><br>                 Defendants. | Civil Action No. 15-cv-3315 (RDB) |

**DEFENDANTS' JOINT RESPONSE TO SECRETARY OF LABOR'S ("DOL") MOTION FOR LEAVE TO AMEND THE COMPLAINT TO JOIN MARILYN WARD AS AN ADDITIONAL DEFENDANT AND REQUEST FOR TELEPHONIC STATUS CONFERENCE**

Defendants FCE Benefit Administrators, Inc., Gary Beckman and Stephen Porter (collectively "the FCE Defendants"), through undersigned counsel, hereby respond to the Secretary of Labor's Motion for Leave to Amend the Complaint to Join Marilyn Ward as an Additional Defendant (DE 91), on behalf of themselves and on behalf of Chimes D.C., Inc., Chimes International, Ltd., Martin Lampner, and Albert Bussone (collectively "the Chimes Defendants"), and Benefits Consulting Group and Jeffrey Ramsey (collectively, "the BCG Defendants"). The FCE, Chimes, and BCG Defendants are collectively referred to herein as "Defendants."

DOL's Motion for Leave to Amend does not comply with this Court's Local Rules, as DOL filed it without meaningfully attempting to obtain the consent of defense counsel and the motion does not state whether the parties consented. *See* L.R. 103.6(d) ("Before filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel. Counsel shall state in the motion whether the consent of other counsel has been obtained."). On April 29, 2016, DOL informed the Defendants that it "intend[ed] to move for leave to file an amended complaint for the sole purpose of adding a defendant . . . . Marilyn Ward." *See* Appendix. That same day, the Defendants requested a copy of the proposed

1

Amended Complaint and stated they would respond to DOL after review. *Id.* Two hours later, DOL responded by stating that it had "already filed the motion." *Id.* Accordingly, the motion fails to comply with Local Rule 103.6(d).

Alternatively, should the Court permit DOL to file the proposed Amended Complaint, the Defendants request that the Court convene a telephonic status conference with the parties and counsel for Ms. Ward to establish a schedule and procedure for responding to the Amended Complaint and the treatment of the Defendants' pending Motions to Dismiss. According to DOL's Motion for Leave to Amend, the proposed Amended Complaint seeks to add a new defendant and "does not seek to add or amend any claims against any other Defendant," and represents that Defendants will not be prejudiced because their motions to dismiss can be decided on "the facts pled in the original Complaint." *See* DE 91-1 at 2, 6 n.1. While these representations are not entirely accurate, for the most part, the allegations in the proposed Amended Complaint are discrete and could be addressed separately from those in the original Complaint. Therefore, a status conference would be of great assistance to the parties to establish a schedule that would avoid further prejudice to the Defendants who already have expended substantial time and considerable resources to address the factual and legal theories in the original Complaint. For example, a schedule that preserves the parties' negotiated briefing schedule on the pending Motions to Dismiss as responsive to the Amended Complaint[1] and determining a schedule to brief the supplemental, or amended, claims and allegations would be an efficient way to proceed to conserve judicial resources and those of the parties.

---

[1] Two days before DOL informed the Defendants of its intent to file the Motion for Leave to Amend, and after extended negotiations among the parties, the parties filed motions, which the Court granted, setting forth a consolidated briefing schedule for the pending Motions to Dismiss. DE 88, 89, 90, 92. DOL filed its opposition to the FCE Defendants' Motion to Dismiss on April 18, 2016, and its opposition to the Chimes and BCG Defendants' Motions to Dismiss today, May 16, 2016. DE 89, 95, 96. The Defendants' reply briefs are all due on June 13, 2016. DE 89, 92.

Accordingly, the Defendants respond that DOL's motion violates Local Rule 103.6(d). Alternatively, if the Court permits the Secretary to add Ms. Ward as a defendant, the Defendants request that the Court schedule a telephonic status conference with the parties and counsel for Ms. Ward.  This would greatly assist the parties in establishing a schedule and procedure for responding to the Amended Complaint, if it is accepted by the Court, in a manner that does not prejudice the parties, conserves resources, and ensures the continued momentum of this action.

Dated:  May 16, 2016

Respectfully submitted,

/s/ *Dawn E. Murphy-Johnson*

| | |
|---|---|
| Robert D. Eassa  (*Pro Hac Vice*) | Theresa S. Gee (*Pro Hac Vice*) |
| Marc A. Koonin (*Pro Hac Vice*) | Dawn E. Murphy-Johnson |
| Delia A. Isvoranu (*Pro Hac Vice*) | MILLER & CHEVALIER CHARTERED |
| SEDGWICK LLP | 655 Fifteenth Street, NW, Suite 900 |
| 333 Bush Street, 30th Floor | Washington, D.C. 20005 |
| San Francisco, CA 94104 | Phone: (202) 626-5800 |
| Phone:  (415) 781-7900 | Fax: (202) 626-5801 |
| Fax:  (415) 781-2635 | Email: dmurphyjohnson@milchev.com |
| Email: robert.eassa@sedgwicklaw.com | tgee@milchev.com |
|          marc.koonin@sedgwicklaw.com | |
|          delia.isvoranu@sedgwicklaw.com | |

David F. Crutcher, Esq. (*Pro Hac Vice*)
4040 Civic Center Drive, Suite 200
San Rafael, CA 94903
Phone:  (415) 419-5120
Email:  david@crutcherlaw.com

*Attorneys for Defendants*
*FCE Benefit Administrators, Inc.,*
*Gary Beckman, and Stephen Porter*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 16th day of May 2016, a true and genuine copy of the foregoing was filed by ECF, which will automatically serve all counsel of record.

/s/ *Dawn E. Murphy-Johnson*
Dawn E. Murphy-Johnson

2172047.2