IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD C. HUGLER, Acting Secretary of Labor, | * |
| Plaintiff, | * |
| v. | *   Civil Action No.: RDB-15-3315 |
| CHIMES DISTRICT OF COLUMBIA, INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Acting United States Secretary of Labor Edward C. Hugler, ("the Secretary") has brought a ten-count Amended Complaint against The Chimes D.C., Inc. Health & Welfare Plan (the "Plan") and its alleged fiduciaries and service providers, including Defendants FCE Benefit Administrators, Inc.; Gary Beckman; and Stephen Porter (the "FCE Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.* First Am. Compl., p. 1-2, ECF No. 102. The facts of this case have been previously set forth in this Court's Memorandum Opinion of September 19, 2016 (ECF No. 135). *See Perez v. Chimes D.C., Inc., et al.*, No. RDB-15-3315, 2016 WL 4993293, at *1 (D. Md. Sept. 19, 2016). Currently pending before this Court is the Secretary's Motion for Protective Order (ECF No. 165). A hearing on the pending Motion was conducted in this Court yesterday, April 5, 2017. For the reasons set forth on the record at the conclusion of that hearing, and further explained herein, the Secretary's Motion for Protective Order (ECF No. 165) is DENIED.

1

The Secretary has moved for a Protective Order "in order to prevent actual and potential witnesses [in the instant action] from embarrassment, oppression, and undue burden or expense due to intimidation and disclosure of informants' identities" by the FCE Defendants. *See* Mem. Supp. Mot., p. 1, ECF No. 165-1. Specifically, the Secretary objects that the FCE Defendants have initiated a separate action against a former FCE employee, Donna Zapata, in the 285th Judicial District Court of Bexar County, Texas, *FCE Benefit Administrators, Inc. v. Donna Zapata*, Case No. 2015-CI-20447 (the "*Zapata* Action"), as a "retaliatory litigation tactic[ ]," aimed primarily at "chill[ing] the willingness of witnesses to voluntarily cooperate with the [Secretary]" in the instant ERISA action. *Id.* at 2, 10. The Secretary alleges that the FCE Defendants have abused the discovery process in that action in order to obtain "privileged informants' identities and statements" and requests a Protective Order "to prevent the disclosure of privileged information and to protect potential and current witnesses from harassment and undue burden or expense from defending against [FCE's] frivolous [litigation]." *Id.* at 9-10. The Secretary further claims that the FCE Defendants have "misled former and current employees about the scope of their employee confidentiality agreements," causing those current and former employees to incorrectly believe that they are prohibited from cooperating with the Department of Labor's ongoing investigation of FCE in connection with this action. *Id.* at 1.

## STANDARD OF REVIEW

Under Rule 26(c) of the Federal Rules of Civil Procedure, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c) (2015) (emphasis added). "The court may, for good

2

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* "The burden is on the movant to establish good cause under Rule 26(c); the movant must set forth specific and particular facts, rather than broad conclusory statements as to why a protective order should issue." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014) (citing *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)). Rule 26 grants trial courts broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Id.* (citing Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2036).

## ANALYSIS

As explained on the record at yesterday's hearing, this Court lacks jurisdiction to restrict discovery in the *Zapata* Action, a separate action pending in Texas state court. The United States Court of Appeals for the Ninth Circuit has expressly held in *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1081 (9th Cir. 1988) that "a district court's power to control discovery does not extend to material discovered in a separate action, notwithstanding the fact that the parties [in that case] were identical" (emphasis added). The Ninth Circuit in *Kirshner* vacated a Protective Order issued by the United States District Court for the Central District of California "compel[ling] the return of documents obtained through discovery in a separate action." *Kirshner*, 842 F.2d at 1081. The Court held that "[t]he remedy for a party seeking the return of material improperly discovered in a separate action is to seek a protective order from the court that presided over the discovery process in that discrete

3

proceeding." *Id.* (emphasis added). Likewise, the United States Court of Appeals for the Second Circuit has held in *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 947 (2d Cir. 1983) that the United States District Court for the Eastern District of New York lacked authority to issue a Rule 26(c) Protective Order prohibiting the disclosure of trade data obtained prior to discovery in the instant case. *See also Schoenbaum v. E.I. DuPont De Nemours & Co.*, No. 4:05CV01108 ERW, 2008 WL 4790332, at *2 (E.D. Mo. Oct. 28, 2008) ("the general rule is that, a district court's power to control discovery does not extend to material discovered in a separate action, notwithstanding the fact that the parties were identical (citing *Kirshner*) . . . [although] protective orders are occasionally issued to restrict the use of any discovery [in] the instant action.") (quotations omitted) (emphasis added)).

To the extent the Secretary seeks to restrict certain discovery in the pending *Zapata* Action, the Secretary may move to intervene in that action pursuant to Rule 60 of the Texas Rules of Civil Procedure, which provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Additionally, to the extent the Secretary is specifically concerned that the FCE Defendants have retaliated against potential witnesses with respect to this ERISA action, Sections 502 and 510 of ERISA, 29 U.S.C. §§ 1132, 1440, provide the Secretary a right of action to enjoin Defendants from "discriminat[ing] against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter . . . ."

As for the Secretary's contention that certain statements by the FCE Defendants and their agents have misled current and former FCE employees, counsel for the Department of Labor has specifically directed this Court to consider one particular letter dated November

4

24, 2015, in which Sandie Darling, General Counsel for FCE, stated that FCE's Non-Disclosure and Non-Compete Agreements prohibit FCE employees and former employees from "disclos[ing] Confidential Information to any person, firm, corporation, or other entity . . . ." *See* FCE Letter, p. 26, ECF No. 165-2.  The Secretary contends that this Letter had the effect of suggesting to recipients that they were prohibited from speaking to the Department of Labor with respect to this case or the Department's ongoing investigation of FCE.  However, as this Court explained on the record at yesterday's hearing, nothing about this standard language is improper or coercive.  Accordingly, the Secretary has failed to meet its burden under Rule 26(c) of the Federal Rules of Civil Procedure.

Furthermore, at this Court's hearing, counsel for the Department of Labor submitted two additional declarations for this Court's *in camera* review, in which two FCE employees stated that agents of FCE have specifically instructed them not to cooperate with Department of Labor investigators.  Following this Court's *in camera* review, these declarations have now been filed under seal.  As explained on the record, these Declarations do not justify issuance of the Protective Order requested by the Secretary in the pending Motion.  As discussed on the record, and reiterated *supra*, the Secretary may seek alternative relief with respect to its concerns as to witness coercion and intimidation, including moving this Court to compel testimony of those potential witnesses who may be under the mistaken belief that their Non-Disclosure Agreement with FCE prohibits them from cooperating with the Department of Labor's ongoing investigation.  However, the requested Protective Order with respect to all FCE communications with current and former employees is not warranted.

## **CONCLUSION**

For the reasons stated on the record at this Court's hearing conducted yesterday, April 5, 2017, and further explained above, the Secretary's Motion for Protective Order (ECF No. 165) is DENIED.

Dated:   April 6, 2017

                                                                       /s/
                                            Richard D. Bennett
                                            United States District Judge