**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
(410) 962-0868 FAX
MDD_ADCchambers@mdd.uscourts.gov

March 13, 2018

TO COUNSEL OF RECORD

Re: *Hugler v. Chimes District of Columbia, Inc., et al.*
Civil No. RDB-15-3315

Dear Counsel:

On October 30, 2015, the Secretary of Labor ("Plaintiff") filed the original complaint alleging violations of the Employee Retirement Income Security Act by Defendants (ECF No. 1). On April 29, 2017, Plaintiff filed the First Amended Complaint (ECF No. 91). The case has been litigious since its inception more than two years ago. On November 16, 2017, this case was referred to me for all discovery. ECF No. 239. On January 3, 2018, Plaintiff filed a motion for sanctions (ECF No. 259) against Defendant FCE Benefit Administrators, Inc. ("FCE"). On February 6, 2018, after considering Plaintiff's motion and the responses thereto (ECF Nos. 273 & 288), the Court granted Plaintiff's motion for sanctions, finding that Plaintiff is entitled to "an inference that FCE fears to produce the [claims] audit reports, which is some evidence that the information not produced, if brought, would have exposed facts unfavorable to FCE," (ECF No. 292 at 5 (quoting *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 523 (D.Md. 2009) (internal quotation marks and citation omitted))). Additionally, the Court directed Plaintiff, as the prevailing party, to file an itemized list of his reasonable expenses incurred in bringing the motion. ECF No. 292 at 5.

On February 12, 2018, FCE filed a Motion for Reconsideration of Order Granting Plaintiff's Motion for Sanctions (ECF No. 301). Plaintiff filed an opposition (ECF No. 308), as well as a submission of its expenses incurred in filing the motion for sanctions (ECF No. 309), on February 16, 2018. FCE filed its reply on February 27, 2018 (ECF No. 318). The issue is fully briefed and no hearing is necessary. Loc.R. 105.6 (D.Md. 2016). For the reasons that follow, FCE's motion for reconsideration is DENIED and the Court awards attorneys' fees to Plaintiff in the amount of $10,578.75.

A. FCE's Motion for Reconsideration of Order Granting Plaintiff's Motion for Sanctions

In its motion for reconsideration, FCE argues that the Court's award of sanctions constituted clear error and was unsupported by new evidence. ECF No. 301 at 1. In particular, FCE argues that the Department of Labor's letter sent to Chimes D.C. Inc. Health and Welfare Plan ("the Chimes Plan"), rather than to FCE, in August 2012 did not provide sufficient notice of an investigation to FCE because, although FCE helped the Chimes Plan respond to the investigation, "FCE had no basis or reason to believe that the Department of Labor was

*Hugler v. Chimes District of Columbia, Inc., et al.*
Civil No. RDB-15-3315
March 13, 2018
Page 2

interested in FCE or its claims processing functions." ECF No. 301 at 1. Furthermore, FCE argues that new testimony from a Department of Labor investigator that he was conducting a general audit and not contemplating litigation demonstrates that FCE could not anticipate litigation. To the contrary, FCE's emails sent about a week after the Department of Labor's letter reference the audit and that FCE was assisting the Chimes Plan with preparing a response to the audit. ECF Nos. 288-11 & 288-12. Based on FCE's activity as documented in the emails, regardless of whether FCE or others involved in the administration of the Chimes Plan directly received the Department of Labor's letter, FCE was well aware of the Department of Labor's investigation and its obligation to not destroy its claims audit reports. Similarly, the fact that an investigator did not contemplate litigation when he conducted his investigation is irrelevant because the investigator cannot know whether to litigate a claim until the investigation has concluded. Knowledge of the investigation constituted sufficient notice for FCE to preserve its claims audit reports.

    B. Plaintiff's Submission of Expenses Incurred in Filing Motion for Sanctions Against FCE and Its Counsel

Pursuant to the Court's request that Plaintiff provide an itemized list of his expenses incurred in connection with preparing and filing his motion for sanctions, Plaintiff submitted a submission of expenses which detailed his legal expenses, which totaled $10,578.75. ECF No. 309. In the absence of any opposition and the appearance that Plaintiff's incurred amount is reasonable based on section 3 of Appendix B of the Local Rules, the Court awards Plaintiff expenses in the amount of $10,578.75 in connection with preparing and filing his motion for sanctions.

For the foregoing reasons, FCE's motion for reconsideration (ECF No. 301) is DENIED and, pursuant to Plaintiff's submission (ECF No. 309), the Court awards attorneys' fees to Plaintiff in the amount of $10,578.75.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

                                  Very truly yours,

                                  A. David Copperthite
                                  United States Magistrate Judge

cc: Judge Richard D. Bennett