CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
(410) 962-0868 FAX
MDD_ADCchambers@mdd.uscourts.gov

March 28, 2018

TO COUNSEL OF RECORD

Re: *Hugler v. Chimes District of Columbia, Inc., et al.*
Civil No. RDB-15-3315

Dear Counsel:

On October 30, 2015, the Secretary of Labor ("Plaintiff") filed the original complaint alleging violations of the Employee Retirement Income Security Act by Defendants (ECF No. 1). On April 29, 2017, Plaintiff filed the First Amended Complaint (ECF No. 91). The case has been litigious since its inception more than two years ago. On November 16, 2017, this case was referred to me for all discovery. ECF No. 239. On February 16, 2018, Defendants filed a motion to compel discovery and for sanctions (ECF No. 312) against Plaintiff. On March 2, 2018, Plaintiff filed an opposition (ECF No. 322), and on March 16, 2018, Defendants filed their reply (ECF No. 324). The issue is fully briefed and no hearing is necessary. Loc.R. 105.6 (D.Md. 2016). For the reasons that follow, Defendants' motion is DENIED WITHOUT PREJUDICE as to the motion to compel and DENIED as to the motion for sanctions.

In their motion to compel and for sanctions, Defendants request that the Court impose sanctions for Plaintiff's "destruction of or failure to preserve missing notes of [Siamack] Gharanfoli's interviews of [former FCE employee] Syria Castillo, and for counsel's failure to disclose interview notes and other related conduct during Mr. Gharanfoli's deposition." ECF No. 312-1 at 3. Plaintiff posits that the Court should deny Defendants' motion to compel because it was procedurally deficient under Local Rule 104.8(a) and, in any event, Mr. Gharanfoli's notes are protected by several privileges, including the informant's, deliberative process, and law enforcement privileges. ECF No. 322 at 7.

First, regarding the procedural deficiencies for denying Defendants' motion to compel, Plaintiff argues that Defendants' motion did not comply with Local Rule 104.8(a) because it was filed more than thirty days after receiving Plaintiff's privilege log in February 2017 and Defendants failed to serve a copy of the motion on Plaintiff before filing it with the Court, along with Plaintiff's response and a certificate of conference. ECF No. 322 at 13–14. Defendants argue that their motion was timely because the grounds for the motion only arose after Mr. Gharanfoli's deposition on January 25, 2018 and February 1, 2018 because his testimony shed new light on the contents of Plaintiff's February 2017 privilege log. ECF No. 324 at 4–5. Local Rule 104.8 provides that, when a response to a request for production of documents has been served, a party dissatisfied with the response must serve a motion to compel on the responding party (but not file the motion with the court) within 20 days of receipt of the response. The

responding party then has 14 days to serve the propounding party with a memorandum in opposition, after which the propounding party has 11 days in which to file a reply memorandum. If this exchange of memoranda does not resolve the dispute, counsel must them confer with one another in accordance with Local Rule 104.7 in a further effort to resolve the dispute. If unsuccessful, the moving party may then file a certificate with the court attesting to having held the conference required by Local Rule 104.7, along with the motion to compel, the opposition memorandum and any reply. Loc.R. 104.8(c).

Plaintiff is correct that Defendants have not complied with Local Rule 104.8. Although Defendants, in their reply, describe their attempts to confer with Plaintiff's counsel regarding Plaintiff's privilege log and whether documents should be produced, Defendants failed to file a certificate of good faith effort to confer and acknowledge as much, stating that "[i]f no resolution [to the motion] is reached, [D]efendants will then file the certification." ECF No. 324 at 6–7. Because Defendants' counsel has not complied with Local Rule 104.8, and yet contemplates doing so, the Court will not consider Defendant's motion to compel at this time. Instead, counsel for Plaintiff and Defendants should meet in person to confer and address the privilege log, specifically documents authored by Mr. Gharanfoli and any notes taken by other government employees who attended Mr. Gharanfoli's interviews. The parties should make sincere attempts to resolve this discovery dispute and comply with the Local Rules without further involvement by the Court.[1]

Next, regarding Defendants' request for spoliation sanctions for Plaintiff's alleged destruction or failure to preserve notes of witness interviews, Defendants argue that Plaintiff had a duty to preserve Mr. Gharanfoli's notes of his interviews of Ms. Castillo and either destroyed or failed to retain those notes. ECF No. 312-1 at 19–25. According to Defendants, the Court should impose spoliation sanctions in the form of an adverse inference against Plaintiff that Mr. Gharanfoli's notes were not preserved because they contained evidence supportive of Defendants' defenses. *Id.* at 24–25. Moreover, Defendants request that the Court order Plaintiff to search for and produce Mr. Gharanfoli's unproduced interview notes and reports. *Id.* at 25.

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). As a threshold issue, the evidence purportedly destroyed or lost must have actually existed. *Okezie v. Prince George's Cty., Md.*, No. DKC-13-0168, 2014 WL 1429183, at *2 (D.Md. Apr. 11, 2014). The party bringing the spoliation claim has the burden to "prove, not simply believe, that evidence was destroyed or suppressed." *Id.* (citing *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013)).

---

[1] At the parties' conference, they should also discuss, and hopefully resolve, Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 325) and Defendants' Motion for Leave to File Amended Exhibit (ECF No. 326), which were filed on March 23 and 26, respectfully. If a resolution cannot be reached, the parties should inform the Court within fourteen days of the filing of this Order.

*Hugler v. Chimes District of Columbia, Inc., et al.*
Civil No. RDB-15-3315
March 28, 2018
Page 3

Here, Defendants take issue with the fact that Mr. Gharanfoli's notes for two of the four interviews with Ms. Castillo were not produced until late January 2018, shortly before his deposition, while no notes were produced for the other two interviews. ECF No. 312-1 at 22. Defendants point to Mr. Gharanfoli's testimony that he took notes of every witness interview and always prepared an interview report after an interview as support that, despite his testimony to the contrary, Mr. Gharanfoli did take notes during all of his interviews with Ms. Castillo and that his notes from two of the interviews were not retained. *Id.* at 21–22. Based on these facts, Defendants argue that they have provided enough proof to satisfy their burden that Mr. Gharanfoli's notes existed beyond "a belief, expectation, or mere suspicion." ECF No. 324 at 8. However, Mr. Gharanfoli testified that all of his notes were produced and that he did not take additional notes or create additional interview reports regarding his discussions with Ms. Castillo. *See* ECF No. 312-3 at 76. Defendants seek to rely on Mr. Gharanfoli's usual conduct, but that is not enough to satisfy the burden for spoliation sanctions. *See Okezie*, 2014 WL 1429183, at *3 (denying spoliation sanctions where Defendants argued that while a recording should have been created and that they would have a duty to preserve such a recording, no such evidence ever existed); *Keeler v. City of Hammonton*, No. 11-cv-02745, 2013 WL 6499257, at *5 (D.N.J. Dec. 11, 2013) (declining to find spoliation where "Plaintiff essentially asks th[e] [c]ourt to find that Defendants spoliated evidence simply because it was 'routine' to record calls during which bail was set and no recordings of the call setting Plaintiff's bail were produced during discovery"). Accordingly, Defendants "ha[ve] not satisfied [their] burden to establish facts from which the Court could 'at least infer that the evidence existed in the first place.'" *Okezie*, 2014 WL 1429183, at *3 (quoting *Omogbehin v. Cino*, 485 F.App'x 606, 609 (3d Cir. 2012)).

For the foregoing reasons, FCE's motion to compel and for sanctions (ECF No. 312) is DENIED WITHOUT PREJUDICE as to Defendants' motion to compel and DENIED as to Defendants' request for spoliation sanctions. The parties are ORDERED to confer in person within ten days of this Order in order to attempt to resolve the issues raised in Defendants' motion to compel. Within fourteen days of this Order, the parties shall file a joint submission advising the Court whether any disputes remain regarding these motions for the Court to address.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge

cc: Judge Richard D. Bennett