UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>CHIMES DISTRICT OF COLUMBIA, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:15-3315-RDB<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' JOINT MOTION[1] TO PRECLUDE
THE SECRETARY FROM OFFERING EVIDENCE,
INCLUDING EXPERT TESTIMONY, IN SUPPORT
OF ANY CLAIM THAT ALLEGED EXCESSIVE
FEES PAID TO FCE BY THE CHIMES D.C., INC.
HEALTH & WELFARE PLAN EXCEEDS $2,931,465.48**

Defendants Chimes District of Columbia, Inc. ("Chimes DC"), Chimes International Ltd. ("Chimes International"), and the Chimes D.C. Health & Welfare Plan (the "Plan") (together, the "Chimes Defendants") and FCE Benefit Administrators, Inc. ("FCE"), Gary Beckman, and Stephen Porter (collectively, the "FCE Defendants"), by their undersigned counsel, move this Court to preclude the Secretary of Labor ("SOL") from offering evidence, including expert testimony, in support of any claim that alleged excessive fees paid to FCE by the Plan exceeds $2,931,465.48.

Following this Court's Order dated November 29, 2018,[2] dismissing former defendant service provider BCG on summary judgment, FCE is the lone defendant service provider for which

---

[1] By making this motion in *limine* defendants do not concede that <u>any</u> fees paid by the Plan were excessive in violation of ERISA.
[2] Memorandum Opinion, ECF No. 459.

1

the SOL's expert has presented a segregated analysis in connection with alleged excessive fees.[3] Thus, the only claims that the SOL can advance at trial for excessive fees paid by the Plan to any defendant service provider are necessarily limited to the allegedly excessive fees paid to FCE.

In support of this specific claim, the SOL's expert Andrew Naugle ("Naugle") presents a table comparing: (1) the fees paid to FCE by the Plan -- per employee, per month -- for the years 2011-2015; with (2) what the Naugle Report claims are the high, median, and low fees paid -- per employee per month -- by allegedly comparable service providers for those years.  (Naugle Report, ECF 345-24, p.16 (Table 12)).[4] Table 12 of the Naugle Report only suggests that the comparison demonstrates some unquantified damage -- it does not contain a calculation of the actual amount of alleged excessive fees paid to FCE.  Performing this calculation reveals that the total possible maximum claim for alleged excessive fees paid to FCE comes to no more than $2,931,465.48. Using Naugle's numbers and his own application of the "median benchmark" numbers for the purpose of assessing damages, the calculation is as follows:

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Year | Actual Fees Paid to FCE by Chimes Plan | Median Fees Paid to Sample Provider As Per Naugle Report | "Excessive" Fee Paid to FCE (Column 2 - Column 3) | Average number of employees for the year as per Naugle Report | Number of Months | Yearly Maximum Alleged "Excessive" Fees Paid to FCE (Column 4 x Column 5 x Column 6) |
| 2011 | 60.60 | 34.37 | 25.13 | 1,548 | 12 | $466,814.88 |
| 2012 | 61.85 | 30.46 | 31.39 | 1,516 | 12 | $571,046.88 |
| 2013 | 65.78 | 30.68 | 34.10 | 1,418 | 12 | $597,261.60 |
| 2014 | 69.11 | 24.90 | 44.21 | 1,336 | 12 | $708,774.72 |
| 2015 | 75.80 | 37.99 | 37.81 | 1,295 | 12 | $587,567.40 |
| **TOTAL** | | | | | | **$2,931,465.48** |

---

[3] Although specific excessive fees were also assessed for BCG, these must also be excluded following this Court's prior decision dismissing BCG on summary judgment. *See* Memorandum Opinion, ECF No. 459.
[4] Table 12 accounts for the yearly reduction of FCE's fees negotiated by Chimes DC for every year since 2009.

Thus, Naugle attributed $2,931,465.48 to direct fees paid by the Plan to FCE -- the only remaining defendant service provider for which he did any individual analysis about direct fees. This amount accounts for only 35% of $8,356,999,[5] the aggregate amount of "excessive" direct fees allegedly paid by the Plan for 2011-2015 according to Naugle in the "Analysis of Losses" section of his report. (Naugle Report, ECF No. 345-24, p.24).  As for the balance of alleged damages from direct fees -- $5,425,533.52 -- defendants are unfairly and improperly left only to speculate as to the evidentiary basis for that cavernous gap.  There is nothing in the record that attributes any part of these alleged excessive direct fees to any particular service provider(s).  As a result, the SOL should not be permitted to offer evidence of any excessive fees paid to FCE above $2,931,465.48 and certainly should not be permitted to present evidence of the aggregate amount of $8,356,999 to support its claims for excessive fees against FCE.

 An expert may only provide testimony where such testimony is relevant and reliable.  *See* Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) ("[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").  Here, because there is no factual basis presented in the Naugle Report, or otherwise, for the alleged differential amount of $5,425,533.52 in direct fees allegedly paid to other service providers, the SOL should not be allowed to offer evidence as to any alleged "excessive" fees other than the portion of the alleged excessive fees specifically allocated to FCE.  Indeed, courts have found expert testimony offered to prove damages caused by specific transactions to be unreliable where such testimony is not based on the specific transactions at issue.  *See Baltimore Aircoil Co., Inc. v. SPX Cooling Techs. Inc.*, No. CV CCB-13-2053, 2016

---

[5] According to the Naugle Report, this aggregate amount does not address indirect payments from defendant Marilyn Ward to FCE.  *See* Naugle Report, ECF No. 354-24, p. 24.

WL 4426681, at *28 (D. Md. Aug. 22, 2016), *aff'd*, 721 F. App'x 983 (Fed. Cir. 2018) ("While a sale-by-sale analysis may not be necessary when providing a broader lost profits opinion, an expert's opinion on damages arising from two individual sales cannot be reliable if it is not based on facts specific to those sales."). Any expert testimony as to damages based on direct fees paid to services providers in excess of $2,931,465.48 would be merely "based on speculation and conjecture" rather than "on facts." *Mathias v. Michael Eaves Shoemaker*, No. CV RDB-15-2261, 2017 WL 3592457, at *2 (D. Md. Aug. 21, 2017) (Bennett, J.). Therefore, such evidence should not be permitted.

## Conclusion

For the foregoing reasons, the Court should preclude the SOL from offering evidence, including expert testimony, in support of any claim that alleged excessive fees paid to FCE by the Plan exceed $2,931,465.48.

Respectfully submitted,

Dated: December 5, 2018

DENTONS US LLP

/s/ Christina S. Dumitrescu
Kenneth J. Pfaehler, Esq.
Brian S. Cousin, Esq.  (*pro hac vice*)
Richard I. Scharlat, Esq. (*pro hac vice*)
Christina S. Dumitrescu, Esq. (*pro hac vice*)
Mark D. Meredith, Esq. (*pro hac vice*)
1221 Avenue of the Americas, 25th Floor
New York, NY 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
kenneth.pfaehler@dentons.com
brian.cousin@dentons.com
richard.scharlat@dentons.com
christina.dumitrescu@dentons.com
mark.meredith@dentons.com

DENTONS US LLP
*Attorneys for Defendants Chimes District of Columbia, Inc., Chimes International, Ltd., and The Chimes District of Columbia, Inc.*

*Health and Welfare Plan*

-and-

DUANE MORRIS LLP

   /s/ Michael J. Schrier
Michael J. Schrier (Federal Bar No. 15967)
Joseph S. Ferretti (Federal Bar No. 16718)
Duane Morris LLP
505 9th Street N.W., Suite 1000
Washington, D.C. 20004
Tel: (202) 776-5221
Fax: (202) 776-7801
mjschrier@duanemorris.com
jsferretti@duanemorris.com

Robert B. Hopkins (Federal Bar No. 06017)
Bryan Gales (Federal Bar No. 19671)
Duane Morris LLP
111 South Calvert Street, Suite 2000
Baltimore, Maryland 21202
Tel: (410) 949-2937
Fax: (410) 949-2976
rbhopkins@duanemorris.com
bgales@duanemorris.com

Robert D. Eassa (admitted *pro hac vice*)
Marc A. Koonin (admitted *pro hac vice*)
Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, California 94105
Tel: (415) 957-3000
Fax: (415) 957-3001
RDEassa@duanemorris.com
MAKoonin@duanemorris.com

*Attorneys for Defendants, FCE Benefit Administrators, Inc., Gary Beckman, and Stephen Porter*