FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 DEC 12 AM 5: 14

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

R. ALEXANDER ACOSTA,
Secretary of Labor,

      Plaintiff,

      v.

CHIMES DISTRICT OF
COLUMBIA, INC., *et al.*,

      Defendants.

\*

\*

\*

\*

\*

\*

\*

Civil Action No.: RDB-15-3315

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The United States Secretary of Labor ("the Secretary")[1] brought a ten-count Amended Complaint against Chimes D.C., Inc. Health & Welfare Plan (the "Plan") and its alleged fiduciaries and service providers, including Defendants Chimes District of Columbia, Inc. ("Chimes DC"); Chimes International, Ltd. ("Chimes International"); FCE Benefit Administrators, Inc. ("FCE"); Gary Beckman ("Beckman"); Stephen Porter ("Porter"); Martin Lampner ("Lampner"); Albert Bussone ("Bussone"); Benefits Consulting Group ("BCG"); Jeffrey Ramsey ("Ramsey"); and Marilyn Ward ("Ward"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"),

---

[1]    The Complaint was initially brought by former Secretary of Labor, Thomas E. Perez, who was then replaced with former Acting Secretary Edward C. Hugler. The docket has now been updated to name the current Secretary of Labor, R. Alexander Acosta as Plaintiff. The substitution was approved on June 6, 2018 (ECF No. 361).

as amended, 29 U.S.C. §§ 1001, *et seq.* (First Am. Compl., p. 1-2, ECF No. 102.) The Secretary alleges that the Defendants charged the Plan excessive fees for services and engaged in prohibited transactions by receiving commissions, kickbacks, and inappropriate reimbursements.

Currently pending before this Court are two motions: the instant Secretary's Motion for Partial Summary Judgment Against Defendants FCE Benefit Administrators, Inc., Stephen Porter and Gary Beckman (ECF No. 339); and FCE Benefit Administrators, Inc., Gary Beckman, and Stephen Porter's Cross-Motion for Partial Summary Judgment Against Plaintiff, R. Alexander Acosta, Secretary of Labor (ECF No. 362).[2] By his motion, the Secretary seeks partial summary judgment establishing that FCE is a fiduciary, committed prohibited transactions and fiduciary breaches, and is liable as a co-fiduciary; FCE, Porter, and Beckman were knowing participants in prohibited transactions and fiduciary breaches; and remedies to include

---

[2]     This Court recently ruled on the following related seven motions: The Moving Defendants' Joint Cross-Motion for Partial Summary Judgment (ECF No. 372) was GRANTED on November 21, 2018 (ECF No. 453); the Motion for Summary Judgment on Behalf of Non-Fiduciary Defendants/Counter-Claimants, Benefits Consulting Group and Jeffrey Ramsey (ECF No. 365) was GRANTED on November 29, 2018 (ECF No. 457); on December 3, 2018, Secretary of Labor's Motion for Partial Summary Judgment Against Defendant Marilyn Ward (ECF No. 342) was GRANTED IN PART and DENIED IN PART (ECF No. 463), and Defendant Marilyn Ward's Motion for Partial Summary Judgment (ECF No. 369) was GRANTED IN PART and DENIED IN PART (ECF No. 463); and on December 10, 2018, the Secretary of Labor's Motion for Partial Summary Judgment Against Defendants Chimes District of Columbia, Inc., Chimes International, Ltd., Martin Lampner, and Albert Bussone (ECF No. 341) was GRANTED IN PART and DENIED IN PART, Cross-Motion for Summary Judgment of Defendants Martin Lampner and Albert Bussone (ECF No. 371) was GRANTED, and Chimes Defendants' Cross-Motion for Summary Judgment (ECF No. 375) was DENIED.

disgorgement, an accounting for profits, and an injunction that would enjoin FCE from serving as a fiduciary or service provider for other ERISA plans. By their cross-motion for partial summary judgment, FCE, Beckman, and Porter seek to establish that FCE's claims processing did not constitute a fiduciary activity, requesting summary judgment in their favor on Count V, and they request that this Court deny the Secretary's motion. This Court has reviewed the parties' submissions and heard arguments of counsel at a motions hearing held November 13, 2018. For the reasons stated herein, Secretary's Motion for Partial Summary Judgment Against Defendants FCE Benefit Administrators, Inc., Stephen Porter and Gary Beckman (ECF No. 339) is DENIED and FCE Benefit Administrators, Inc., Gary Beckman, and Stephen Porter's Cross-Motion for Partial Summary Judgment Against Plaintiff, R. Alexander Acosta, Secretary of Labor (ECF No. 362) is DENIED. Quite simply, there are genuine issues of material fact with regard to whether there was fiduciary activity, and if so, whether there was a breach of fiduciary responsibility.

Accordingly, all remaining claims and Defendants shall proceed to trial, which will commence on January 7, 2019.

## BACKGROUND

The factual background and procedural history of this case has previously been set forth in this Court's Memorandum Opinions in related motions (ECF Nos. 452, 459,

462, 487). The following pertains specifically to the instant motions related to FCE, Beckman, and Porter, who are collectively referred to as the "FCE Defendants."

## I.      Factual Background Relevant to FCE Defendants

Chimes DC is a non-profit corporation that employs individuals with disabilities to perform janitorial and custodial work on government contracts awarded to Chimes DC. (ECF No. 102 at ¶ 10.) Chimes DC established the Plan "to provide a package of medical, prescription, life insurance, accidental death and dismemberment, disability, and unemployment benefits" to its employees. (*Id.* at ¶ 2.)

Defendant FCE has been providing third-party administrator ("TPA") services to health and welfare plans for federal government contractors for nearly thirty years. (ECF No. 363-1 at 1, 4.) FCE was the Plan's TPA from its inception in 1995 until December 31, 2017.[3] (ECF No. 102 at ¶ 14; ECF No. 363-1 at 1, 6.) Defendants Beckman and Porter were each 50% owners and officers of FCE. (ECF No. 102 at ¶¶ 15-16; ECF No. 363-1 at 4 n.2.) As TPA, FCE was responsible for the administration of the Plan, including designing benefits, administering employee eligibility, handling claims, and maintaining insurance. (ECF No. 339-1 at 1.) In 2002 and 2004, an Amended Adoption Agreement provided a fee schedule setting out a tiered fee rate that FCE was authorized to collect from the Plan for its services. (*Id.* at 4-5.) Under the tiered fee schedule, FCE's

---

[3]      Prior to the creation of the Plan, Chimes DC had a predecessor health and welfare plan that was administered by a TPA called The Boon Group. (ECF No. 363-1 at 6.) The Boon Group was not selected as TPA for the Plan for multiple reasons, including that it did not offer stop loss insurance. (*Id.*)

4

fees fluctuated depending on the level of Plan contributions from Chimes DC.[4] (*Id.* at 4.) The 2004 amendment also provided that "[n]o amendment to the Plan" nor any "change in any Service Provider to the Plan" would be effective without FCE's approval, and it included an additional disclosure allowing for FCE to collect commissions and/or administrative fees from third party insurance companies and benefit providers for services provided by FCE to the Plan. (*Id.* at 5-6.) Both Chimes DC and FCE could terminate the agreement on 60 days' prior written notice. (ECF No. 363-1 at 8.)

FCE developed a proprietary software—the Trust Accounting System ("TAS")— to coordinate its claims and eligibility administration functions, but the software was not capable of calculating FCE's administrative expenses under the tiered fee schedule. (ECF No. 339-1 at 7.) Consequently, FCE charged a single blended fee rate.[5] (*Id.*) In 2013, FCE added a two percent "compliance fee" to the Plan budget, which was to be paid to FCE.[6] (*Id.* at 11.) At times, FCE also reduced or froze its fees. (*Id.* at 11, 20.) In 2005, Chimes DC negotiated with FCE to reduce its annual fee by $109,400 for two years, and FCE subsequently agreed to freeze its fees for five years in September 2009. (ECF No. 363-1 at 13.)

---

[4]     FCE charges a "per-employee-per-month" ("PEPM") fee that is based on the number of Chimes DC employees and charges a monthly fee assessed as a percentage of the total contributions to the Plan based on the number of employees. (ECF No. 363-1 at 12-13.)

[5]     FCE estimates that it under collected fees to which it was entitled. (ECF No. 363-1 at 13.)

[6]     The Secretary states that this fee was not provided for in the agreement (ECF No. 339-1 at 11), but FCE states that it was provided for in the Plan documents described as an "eligibility" fee that was charged only for administration of part-time employees and not added to the overall Plan fee (ECF No. 363-1 at 14).

From 2007 to 2014, Porter and Beckman made monetary contributions totaling $476,950 to the Chimes Foundation. (ECF No. 339-1 at 19; ECF No. 363-1 at 22.) Some of these donations were made pursuant to a pledge of $330,000 jointly made by FCE and BCG in November 2009. (ECF No. 339-1 at 20). During this same time period, FCE agreed to freeze its fees for five years. (ECF No. 339-1 at 20; ECF No. 363-1 at 23.)[7]

Marilyn Ward served as the Plan's trustee from the Plan's inception until she retired in December 2013. (ECF no. 339-1 at 22; ECF No. 363-1 at 28; *see also* ECF No. 462 at 12 ("Ward effectively resigned as trustee on December 13, 2013.").) She had been employed by FCE in the early 1990s as its Chief Financial Officer, and in 1992, she resigned and began to serve as a trustee for FCE's clients. (ECF No. 339-1 at 20-21; ECF No. 363-1 at 29.) Ward rented office space in the same building, and shared FCE's facilities and employees, for which she reimbursed FCE. (ECF No. 339-1 at 21; ECF No. 363-1 at 29-30.) Ward was replaced after her retirement by Fiduciary Plan Management Services, Inc., d/b/a Trust Management Services ("TMS"). (ECF No. 339-1 at 23; ECF No. 363-1 at 31-32.)

---

[7] The Secretary quoted from a letter sent to Chimes DC, in which Porter wrote that FCE and BCG "jointly pledge $330,000 beginning December, 2010 to be paid at annual installments of $55,000 over five years. . . . An additional $55,000 will be paid for a one (1) year option of continuing benefit services to our Chimes partner." (ECF No. 339-1 at 20 (quoting an Exhibit 51 that does not appear to have been filed on the docket.))

## II.     Procedural History

The Secretary filed a Complaint (ECF No. 1) against all Defendants but Ward on October 20, 2015. The Complaint was amended on June 7, 2016, adding Ward as a Defendant. (ECF No. 102.) The First Amended Complaint (ECF No. 102) alleged the following counts against the FCE Defendants:

- Count I – Excessive Plan Expenses (alleged against the Chimes Defendants, **the FCE Defendants**, and the BCG Defendants)[8]

- Count II – Chimes Defendants' Receipt of Benefits in Connection with Plan's Retention of FCE (alleged against the Chimes Defendants and **the FCE Defendants**)

- Count IV – FCE's Receipt of Payments from Service Providers (alleged against **the FCE Defendants** and the Chimes Defendants)

- Count V – Failure to Prudently and Loyally Administer the Plan (alleged against **the FCE Defendants** and Chimes DC as Plan Administrator)

- Count VI – Plan's Reimbursements to Chimes DC for Work of Its Full-Time Employee (alleged against Chimes DC, Bussone, and **FCE**)

Nine motions were filed by Defendants for summary judgment, including partial summary judgment and cross-motions, two of which remain pending before this Court. The Moving Defendants' Joint Cross-Motion for Partial Summary Judgment (ECF No. 372) was GRANTED on November 21, 2018 (ECF No. 453), precluding the Secretary from pursuing claims against the Defendants that relate to a time period more than three years prior to each of the Defendants' respective tolling agreements. For FCE Benefit

---

[8]     The First Amended Complaint stated it was alleged against ALL Defendants, but the Secretary clarified that Ward was mistakenly included under Count I (ECF No. 127 at 12).

Administrators, Inc. and Gary Beckman, the Secretary is precluded from any relief that arises out of claims concerning information prior to May 6, 2011,[9] specifically including claims concerning essential facts disclosed in the Form 5500s for the years 2007, 2008, and 2009. For Stephen Porter, the Secretary is precluded from any relief that arises out of claims concerning information prior to May 12, 2011.

On November 29, 2018, the Motion for Summary Judgment on Behalf of Non-Fiduciary Defendants/Counter-Claimants, Benefits Consulting Group and Jeffrey Ramsey (ECF No. 365) was GRANTED (ECF No. 457), resulting in Judgment being entered in favor of the Benefits Consulting Group and Jeffrey Ramsey. On December 3, 2018, this Court GRANTED IN PART and DENIED IN PART (ECF No. 462) the Secretary of Labor's Motion for Partial Summary Judgment Against Defendant Marilyn Ward (ECF No. 342) and Defendant Marilyn Ward's Motion for Partial Summary Judgment (ECF No. 369). This Court held that the Chimes District of Columbia, Inc. Health and Welfare Plan (the Plan) is an employee welfare benefit plan, as defined under 29 U.S.C. § 1002(1), and governed by the Employee Retirement Income Security Act of

---

[9]    Based on the contents of Defendants' Form 5500s that were filed annually during the relevant years at issue, this Court held that the Secretary had actual knowledge of the essential facts of the allegations in the Complaint. (ECF No. 452 at 15.) On May 6, 2011, FCE Benefit Administrators, Inc. and Gary Beckman entered into an Agreement and Stipulation ("Tolling Agreement") with the Secretary that tolled ERISA's statute of limitations as of that date, and Stephen Porter entered into the Tolling Agreement on May 12, 2011. (ECF No. 452 at 11 n.5.) Therefore, the Secretary is precluded from relief arising out of claims prior to three years before those dates.

1974 (ERISA), and that Ward is not liable for any alleged transaction that occurred after her effective resignation date of December 13, 2013. (ECF No. 462.)

On December 10, 2018, the Secretary of Labor's Motion for Partial Summary Judgment Against Defendants Chimes District of Columbia, Inc., Chimes International, Ltd., Martin Lampner, and Albert Bussone (ECF No. 341) was GRANTED IN PART and DENIED IN PART, the Cross-Motion for Summary Judgment of Defendants Martin Lampner and Albert Bussone (ECF No. 371) was GRANTED, and Chimes Defendants' Cross-Motion for Summary Judgment (ECF No. 375) was DENIED. (ECF No. 487.) As a result, Lampner and Bussone were granted summary judgment in their favor, and this Court held that Chimes DC is the Plan Administrator and named fiduciary for the Plan, and Chimes International is the Plan Administrator, but all remaining issues including judgment that Chimes DC and Chimes International are *de facto* fiduciaries and committed prohibited transactions and fiduciary breaches shall proceed to trial. (ECF No. 487.) A bench trial is scheduled to commence on January 7, 2019.

By his instant motion, the Secretary seeks partial summary judgment establishing as a matter of law that FCE is a fiduciary to the Plan regarding the Plan's design, insurance, fees, FCE's compensation from insurance providers, and claims and eligibility administration under the Plan; FCE is liable as a co-fiduciary with regard to Chimes DC and Chimes International's ("the Chimes Defendants") acceptance of charitable

donations from FCE; FCE, Porter, and Beckman were knowing participants in the Chimes Defendants' prohibited transactions and fiduciary breaches related to the charitable donations from FCE; FCE breached its fiduciary duties by arranging to receive commissions and fees from the Plan's insurance and service providers; Porter and Beckman were knowing participants in FCE's arrangements to receive commissions; FCE is liable to disgorge $1,443,601.86 in commissions and fees received from named insurance companies; FCE, Porter, and Beckman must provide an accounting for profits and disgorge all other commissions and fees received; and FCE be permanently enjoined from serving as a fiduciary or service provider for other ERISA plans.

By their instant cross-motion, the FCE Defendants seek judgment as a matter of law in their favor on Count V – Failure to Prudently and Loyally Administer the Plan, which was asserted against the FCE Defendants as well as against Chimes DC. FCE Defendants also request this Court to deny the Secretary's instant motion.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 572 U.S. 650, 656-59 (2014).

When both parties file motions for summary judgment, as here, this Court applies the same standard of review to both motions, considering "'each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter

of law.'" *Defenders of Wildlife v. North Carolina Dept. of Transp.*, 762 F.3d 374, 392 (4th Cir. 2014) (quoting *Bacon v. City of Richmond, Va.*, 475 F.3d 633, 638 (4th Cir. 2007)). "[B]y the filing of a motion [for summary judgment,] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." *Brown v. Perez*, 835 F.3d 1223, 1230 n.3 (10th Cir. 2016) (citation omitted); *see also Sherwood v. Washington Post, 871 F.2d 1144, 1148 n.4* (D.C. Cir. 1989) ("[N]either party waives the right to a full trial on the merits by filing its own motion."). "However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they "'may be probative of the non-existence of a factual dispute." *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620 (D. Md. 2013) (quoting *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983)); *Georgia State Conference of NAACP v. Fayette County Bd. of Comm'rs*, 775 F.3d 1336, 1345 (11th Cir. 2015).

## DISCUSSION

A plan must be established by written instrument, which provides for "one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102. A "fiduciary" is defined in ERISA with reference to the functions performed:

> a person is a fiduciary with respect to a plan to the extent (i)
> he exercises any discretionary authority or discretionary

control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). An ERISA fiduciary differs from a traditional trustee, because a fiduciary may take actions to the disadvantage of the beneficiaries when acting in another capacity—referred to by the United States Supreme Court as wearing a different hat. *Pegram v. Herdrich*, 530 U.S. 211, 225–26 (2000). Fiduciary status is determined in functional terms, so administrators or managers or advisers are only fiduciaries to the extent that they were performing a fiduciary function when taking an action adversely affecting the plan, i.e., they were wearing their fiduciary hat at the time. *Id.*

"[A]n individual or entity can still be found liable as a 'de facto' fiduciary if it lacks formal power to control or manage a plan yet exercises informally the requisite 'discretionary control' over plan management and administration." *Moon v. BWX Techs., Inc.*, 577 F. App'x 224, 229 (4th Cir. 2014) (quoting *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1101–02 (9th Cir. 2004)). Whether a defendant is a fiduciary under ERISA is a mixed question of law and fact. *See Reich v. Lancaster*, 55 F.3d 1034, 1044 (5th Cir. 1995).

In this case, the Secretary contends that FCE was a fiduciary to the Plan with regard to FCE's fees and the insurance it arranged for the Plan (ECF No. 339-1 at 26),

administration of the Plan (*id.* at 28), as well as regarding Plan fees, administration, and establishment of insurance providers prior to the 2004 Adoption Agreement[10] (*id.* at 30). FCE contends that it was not a fiduciary for any purpose. (ECF No. 363-1 at 39.) FCE argues that under the "ministerial exception" to ERISA, a TPA is not a fiduciary even if it assumes some discretionary control or authority "if that discretion is sufficiently limited by a pre-existing framework of policies, practices, and procedures." (*Id.* at 41 (quoting *Useden v. Acker*, 947 F.3d 1563, 1575 (11th Cir. 1991).)

The Department of Labor's regulation entitled "Questions and answers relating to fiduciary responsibility under [ERISA]" provides some guidance with regard to ministerial functions. *See* 29 C.F.R. § 2509.75-8. This regulation provides that persons with no power to make decisions but "who performs purely ministerial functions . . . within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary . . . ." *Id.* § 2509.75-8(D-2). The following are several examples of administrative or ministerial functions that are not considered discretionary: "[o]rientation of new participants and advising participants of their rights and options under the plan"; "[c]alculation of benefits"; "[p]reparation of reports concerning participants' benefits"; "[m]aking recommendations to others for decisions with respect to plan administration"; and "[p]rocessing of claims." *Id.* FCE asserts that

---

[10]    Note that pre-2004 is outside the relevant time period for transactions in this case, but whether the agreement was an arms-length transaction may be relevant to the resolution of issues.

14

it only made recommendations to Chimes DC, negotiated fees on the Plan's behalf, and Chimes DC made all the decisions related to the Plan. (ECF No. 363-1 at 41-44.) Further, FCE contends that its claims processing was pursuant to detailed instructions provided by Chimes DC as well as the insurance companies' rules and standards. (*Id.* at 44-46.)

There are material factual disputes regarding FCE's power to make decisions and its exercise of discretionary control during the relevant time period, with numerous conflicting facts presented by the Secretary, the FCE Defendants, and the Chimes Defendants, that will require resolution and credibility determinations by this Court at the bench trial scheduled in January 2019. Also, as this Court held in the decision related to the Chimes Defendants' motions, there are material factual disputes regarding whether there was a successful delegation of any fiduciary duties to FCE. (ECF No. 487 at 18.) This Court has also held that there are material factual disputes related to FCE's fees, the Holcomb reimbursements, and the financial dealings between FCE and Ward. (ECF No. 462 at 12-13.) Therefore, resolution of FCE's fiduciary status must proceed to trial. Likewise, any claims for fiduciary breaches and co-fiduciary liability must also proceed to trial.

The Secretary also contends that FCE, Porter, and Beckman were knowing participants in the Chimes Defendants' prohibited transactions in connection with their acceptance of charitable donations from FCE. (ECF No. 339 at 2.) This Court has ruled

15

in this case that there is a cause of action to be brought against a non-fiduciary for knowing participation in a prohibited transaction. (*See* ECF No. 459 at 12 (holding that the BCG Defendants, as parties in interest on the receiving end of the transaction, could potentially be liable (citing *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 251 (2000)).) However, this Court also held that there are factual and credibility findings required related to the relationship between the contributions and the renewals that preclude the resolution of this issue by summary judgment. (ECF No. 487 at 21.)

Accordingly, judgment as a matter of law is not appropriate for the issues remaining in this case, discussion of remedies is premature, and all remaining claims and Defendants must proceed to trial.

## CONCLUSION

For the foregoing reasons:

1.   The Secretary's Motion for Partial Summary Judgment Against Defendants FCE Benefit Administrators, Inc., Stephen Porter and Gary Beckman (ECF No. 339) is DENIED.

2.   FCE Benefit Administrators, Inc., Gary Beckman, and Stephen Porter's Cross-Motion for Partial Summary Judgment Against Plaintiff, R. Alexander Acosta, Secretary of Labor (ECF No. 362) is DENIED.

A separate Order follows.

Dated:  December 11, 2018.

_____
Richard D. Bennett
United States District Judge